STEPHEN H. EVANS, d. b. a., *vs.* GEORGE L. BARNETT, administrator of Mary W. Barnett, deceased, p. b. r.

*Appeal—Administrator—Sale by; Money found in Table sold;*
*Not known to be there at time of Sale—Suit by adminis-*
*trator to recover the Money—Conflicting*
*testimony—Evidence.*

1. The rule stated in laying ground for contradiction of a witness, as to the time when a certain conversation referred to occurred.

2. When an administrator sells a certain article, the property of his intestate, and at the time of the sale neither the administrator, the auctioneer or the purchaser, knew or had any reason to believe that there was anything concealed in the article sold, and therefore the sale of a pocketbook and its contents, subsequently found in the article sold, was not, and could not have been within the contemplation of the parties, the sale passed to the purchaser no right or|title to the pocket'book and its contents.

3. The rule stated as to conflicting testimony.

(*April* 10, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Edward F. Reynolds* and *Charles S. Richards* for appellant.

*C. W. Cullen* and *R. C. White* for respondent.

Superior Court, Sussex County, April Term, 1906.

APPEAL from a judgment rendered by a Justice of the Peace in and for Sussex County (No. 51, October Term, 1902).

At the trial, counsel for appellant sought to contradict one James McCabe, a witness for respondent, laying the ground therefor as follows:

*By Mr. Richards:*

Q. Did not you on July 29, 1902, or about that time, meet Mr. Charles Magee on the road somewhere near Millville, and tell him that you saw five dollars and nothing else in the pocketbook found by Mr. Evans? A. No. sir; I never said that. Mr. Magee asked me what I seen in the pocket-book, and I told him five dollars, and he never asked me whether there was any more,

nor I never told him any more or that that was all there was. I said that was all I could see or count, but I was sure there was more money in there. I don't know that I told him that, but I told him that I seen five dollars and I did not tell him that I did not see any more.

Q. You remember this conversation you had with Mr. Magee? A. Yes sir.

Q. That was after the sale? A. Oh yes; certainly.

(The defendant afterwards produced a witness Charles Magee, whose testimony upon the above matter was as follows):

Q. Did you have a conversation with James McCabe on the road near Millville, about July 29th, 1902? A. I met him on Tuesday morning after the sale, which was on Saturday afternoon, if that makes the 29th. I did not fix the date as the 29th.

BY JUDGE SPRUANCE:

Q. Did you or not see him on July 29th? A. No sir; I did not see him.

Q. You did not have any conversation with him on the 29th of July? A. No sir. I have never given that date at all. If the attorney has got that date he has made a mistake.

Q. When did you have a conversation with him? A. On Tuesday after the sale on Saturday.

(It was admitted by counsel that the Tuesday after the sale would be the 18th of July and that the conversation laid in the question put and contradicted was eleven days thereafter. Counsel for defendant thereupon asked the witness the following questions):

*By Mr. Richards:*

Q. Did not James McCabe, on July 29, 1902, or about that time, meet you on the road near Millville and tell you that he saw five dollars and nothing else in the pocket-book found by Mr. Evans?

(Objected to by counsel for plaintiff, who contend that the answer of the witness being examined disclosed the fact that the conversation to which he referred was not the conversation to which the attention of McCabe was directed in the question

laying the ground for contradiction, inasmuch as the conversation about which witness was testifying occurred on the 18th of July, eleven days before the time fixed in the question propounded to the witness McCabe, and therefore the latter had not had his attention called to it by said question, and the answer of the witness would not be a contradiction of McCabe and would be improper.)

SPRUANCE, J.:—The only question before us is as to whether or not the variance in the time of the conversation on or about the 29th of July, to which McCabe's attention was directed, and the time of the conversation as fixed by this witness on the 18th of July, is sufficient to prevent the witness answering the question now propounded.

If McCabe had denied that he had had any conversation with this witness on or about the 29th of July, or if there was any doubt that his mind had been directed to that conversation, whether eleven days before or eleven days after, it might present a different question. But the question put to him and which he answered by saying that he had had a conversation and explained the details of the same, does seem to have directed his attention to a conversation with this witness; and, after all, the important question to determine is, whether he was misled in any way. It appears from his answer that he had no doubt about having had a conversation with this witness, and under the circumstances, we think this question can be put and the answer of the witness taken.

(The above question was repeated to the witness, who answered "No sir; not that day, because I am on my oath here and want to tell the truth." The witness was then asked if he had such a conversation with the defendant McCabe and if McCabe said the same thing to him on the Tuesday after the sale, namely, the 18th of July; to which the witness replied "That is what he said".)

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This is an appeal from a judgment of a Justice of the Peace.

The action was brought by George L. Barnett, adminis-

trator of Mary W. Barnett, deceased, against Stephen H. Evans, to recover certain money found in the drawer of a table purchased by said defendant at a sale of the household goods of said deceased.

It appears from the uncontradicted evidence before you that the said Mary W. Barnett, the grandmother of the said George L. Barnett, an aged woman living alone in Millville in this county, died in the latter part of June 1902; and that the said administrator had a public sale of her effects on the 15th of July, 1902; and that at said sale the said defendant, Stephen H. Evans, purchased a table for the sum of $1.75; and that shortly after said·purchase, and before the removal of the table from the premises, there was found in a drawer of said table a pocketbook, containing money, which was there and then delivered to the said defendant Evans.

The defendant claims that the only money in said pocketbook was one five dollar bill; while the plaintiff claims that the pocketbook contained four bills of ten dollars three of five dollars, one of two dollars, and one of one dollar, and a silver one-half dollar, making in all the sum of fifty-eight dollars and fifty cents. ·

The evidence is that at the time of the sale of the table neither Barnett, the plaintiff, nor his auctioneer, nor Evans the defendant, knew or had any reason to believe that there was any money or other thing of value in the table—and therefore the sale of the pocket-book and its contents was not and could not have been within the contemplation of the parties.

Under those circumstances the sale passed to Evans no right or title to the pocket-book and its contents—it being conceded by the defendant that this money was the property of the said Mary W. Barnett at the time of her death, her administrator, George L. Barnett was and is entitled to receive and hold or dispose of the same as a part of her estate.

After the pocket-book was found, the plaintiff made demand on the defendant for the money contained therein, but was refused, and this action was thereupon brought for the recovery of the same.

Your verdict should be in favor of the plaintiff for the sum which you shall find from the evidence was in the pocket-book when found and delivered to the defendant.

As to the amount of money found in said pocket-book the evidence is conflicting.

You should reconcile such conflicting evidence if you can do so, but if you cannot reconcile it you should give credit to such of it as is worthy of credit. and reject such of it as is not worthy of credit. In doing this you should have regard to the interest of the witnesses, their opportunity to know of that of which they have testified, their apparent fairness or bias, and all other circumstances which may aid you in determining the weight which should be given to their testimony.

Your verdict should be in favor of the plaintiff for at least $5 with interest—as the defendant testified before you that he found that sum in the pocket-book—and if you are satisfied from the evidence that the amount was a larger sum, your verdict should be for the plaintiff for such sum, not exceeding $58.50, together with interest from July 15, 1902, the day when the money came into the hands of the defendant.

Verdict for plaintiff for $71.55.